IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LEROY S. GARCIA**,

 Plaintiff,

vs.              Civ. No. 11-100 LH/CG

**UNITED STATES**;
**DEPARTMENT OF VETERANS AFFAIRS,**

 Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro se Plaintiff Leroy S. Garcia's motion to proceed *in forma pauperis* ["IFP"], filed January 31, 2011, *see* Doc. 4, and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim, it must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory).

 Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs .

. . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).   Garcia, who is 50 years old and has no dependents, receives $3600/month in V.A. and Social Security disability benefits.  *See* Doc. 4 at 2, 3.  He owns a 2004 truck that is paid for and pays $100/month for insurance.  *See id.*  He pays rent of $200/month at the place he has lived for most of his life, and pays for no utilities.  *See id.* at 1, 3.  Although he is eligible for VA medical benefits, Garcia allegedly spends $408/month for medical bills.  *See id.* at 3.  Garcia expends around $785 for monthly loan payments at his credit union and a local bank, but there is no indication what the loans were for.  He states that he spends approximately $1466/month for food, clothing, gasoline, vehicle maintenance and entertainment.  The Court notes, however, that the national-average monthly cost for food for a man in Garcia's age group on a thrifty plan is only around $201, *see* Official USDA Food Plans, Average for November 2010, located at http://www.cnpp.usda.gov.; that there is a public-transportation system in Albuquerque; and that monthly clothing and transportation expenses for an unemployed person should be minimal for a person who claims he lives in poverty and that other taxpayers should shoulder the costs of filing his lawsuits.  On these facts, Garcia has failed to show that he cannot, because of poverty, provide himself with the necessities of life and pay the filing fee.  *See Adkins*, 335 U.S. at 339.  His application to proceed IFP will, therefore, be denied and his Complaint must be dismissed.  *See* § 1915(e)(2)(A); *Trujillo*, 465 F.3d at 1217 n. 5.

Even if Garcia could show that he is indigent, the Court would dismiss his Complaint. Garcia is suing the United States and its agency, the Department of Veterans Affairs, under the Federal Tort Claims Act ("FTCA") apparently for medical malpractice because VA doctors refused to do knee surgery on his right knee in 2003 even though they had performed a left-knee replacement that same year.  *See* Complaint at 2, Att. 1 at 2; Att. 2 at 1-2.  Garcia first had surgery

on his right knee in 2005 by a private civilian doctor, and had 26 more surgeries by civilian doctors until mid-2008. *See id.* Att. 2 at 2. He contends that his current medical condition should be attributed to the VA refusing to do surgery in 2003. *See* Complaint at 2, 5.

> The United States may not be sued without its consent. Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute. It long has been established, . . . that the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit. A waiver of sovereign immunity cannot be implied, but must be explicitly expressed.
>
> \* \* \* \*
>
> The burden is on the [plaintiff] to find and prove an explicit waiver of sovereign immunity.

*Fostvedt v. United States*, 978 F.2d 1201, 1202-03 (10th Cir. 1992) (internal quotation marks and citations omitted). Although the FTCA constitutes a limited waiver of the federal government's sovereign immunity from private suit, a plaintiff suing under the FTCA must comply with the statute's notice requirements, which are jurisdictional, cannot be waived, and must be strictly construed. *See Trentadue v. United States*, 397 F.3d 840, 852 (10th Cir. 2005). "The jurisdictional statute, 28 U.S.C. § 2675(a), requires that claims for damages against the government be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Id.* (internal quotation marks and citation omitted). Although the administrative tort claim "need not elaborate all possible causes of action or theories of liability," it must provide notice of the "facts and circumstances" underlying the plaintiff's claims. *Id.* at 853.

Garcia does not allege that he has filed a formal administrative tort claim with the VA – although he attaches documents indicating that he challenged their medical decisions. It also

3

appears that the FTCA's 2-year statute of limitations on medical claims applies to forever bar such a suit.  *See* 28 U.S.C. § 2401(b) (providing that "[ a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . ."); *Bradley v. United States*, 951 F.2d 268, 270-71 (10th Cir. 1991) (noting that a tort claim accrues when a claimant knows of the existence and cause of the injury).  And "[t]he operative provision of the VA immunity statute, § 4116(a)[1], which made the FTCA remedy the exclusive means of redress for medical-related torts, was construed to protect VA personnel from liability."  *Franklin v. United States,* 992 F.2d 1492, 1500 (10th Cir. 1993).

     Garcia used a form complaint for actions brought under 42 U.S.C. § 1983 in filing his Complaint.  Insofar as Garcia may be attempting to sue under § 1983, his claims are not cognizable against the federal government or its agencies.  *See Punchard v. United States Bureau of Land Mgmt.*, 180 Fed. App'x 817, 819, 2006 WL 1389107, **2 (10th Cir. May 18, 2006) (holding that "[t]he federal government is not subject to suit under § 1983;" that *Bivens* claims for deprivation of constitutional rights actions "lie only against federal actors in their individual capacities, not in their official capacities and not against the federal agencies for which they work;" and that "[c]onstitutional torts [against the government] are not cognizable under the [Federal Tort Claims Act]"); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (holding that sovereign immunity precludes damage claims against the United States government).  Garcia has failed to invoke the subject-matter jurisdiction of this Court by alleging that he filed a timely administrative tort claim against the United States, and it appears that amendment of his Complaint would be futile because he cannot otherwise state a timely claim for medical malpractice in this federal context.

---

[1] This section has now been codified in 38 U.S.C. § 7316.  *See Franklin*, 992 F.2d at 1500.

**IT IS ORDERED** that Garcia's motion to proceed IFP (Doc. 4) is DENIED and that his action is DISMISSED without prejudice for lack of subject-matter jurisdiction.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**